UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC,<br><br>             Plaintiff,<br>   v.<br>GILROY AUTOMOTIVE GROUP, INC.,<br>             Defendant. | Case No. C 09-02341 JW (PVT)<br><br>**ORDER GRANTING AS UNOPPOSED PLAINTIFF FORD MOTOR CREDIT COMPANY LLC'S MOTIONS TO COMPEL AND MOTIONS FOR SANCTIONS**<br><br>**[Docket Nos. 71, 74, 77, 80]** |

Plaintiff Ford Motor Credit Company LLC moves to compel responses to interrogatories and responses to requests for production of documents from defendants Gilroy Automotive Group, Inc., Kirby L. Marshall and Lorraine Marshall. (collectively "defendants"). Additionally, plaintiff Ford Motor Credit Company LLC moves for sanctions. To date, none of the defendants have opposed any of the motions. Pursuant to Civ. L.R. 7-1(b), all of the motions are taken under submission and the hearing scheduled to be held on September 7, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiff Ford Motor Credit Company's motion to compel defendants to respond to interrogatories is granted as unopposed.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motions.

ORDER, *page 1*

On May 18, 2010, plaintiff Ford Motor Company served by mail a first set of interrogatories on all of the defendants. Eleanor Roman Decl., ¶ 2, Exh. A. ("Roman Decl."). Pursuant to Rule 33(b)(2), responses to the interrogatories were due on or about June 21, 2010. Fed. R. Civ. P. 33(b)(2). Roman Decl., ¶ 3. To date, none of the defendants have responded to any of the interrogatories. Roman Decl., ¶ 6.

Rule 26(b) states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

Pursuant to Rule 37(a), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Here, defendants have not responded whatsoever. Accordingly, defendants shall

respond to plaintiff Ford Motor Company's first set of interrogatories no later than September 13, 2010.

IT IS FURTHER ORDERED that plaintiff Ford Motor Credit Company's motion for sanctions is granted as unopposed.

Pursuant to Rule 37(d), plaintiff Ford Motor Company moves for sanctions in the amount of $1,180. Counsel for plaintiff states that she spent 4 hours conducting research and drafting the above-specified motion to compel responses to interrogatories and accompanying motion for sanctions. Her hourly rate is $295 per hour. The court finds that the amount of time spent conducting research and drafting the two motions and the hourly billing rate are reasonable. Accordingly, plaintiff Ford Motor Company's motion for sanctions in the amount of $1,180 is granted. Defendant shall remit payment no later than September 13, 2010.

IT IS FURTHER ORDERED that plaintiff Ford Motor Credit Company's motion to compel responses to requests for production of documents is granted as unopposed.

On May 18, 2010, plaintiff Ford Motor Company served by mail a first set of requests for production of documents. Roman Decl., ¶ 2, Exh. A. Pursuant to Rule 34(b)(2), responses to the requests for production of documents were due on or about June 21, 2010. Fed. R. Civ. P. 34(b)(2). Roman Decl., ¶ 3. To date, none of the defendants have responded to the requests for production of documents. *Id.* Accordingly, defendants shall respond to plaintiff Ford Motor Company's first set of requests for production of documents no later than September 13, 2010.

IT IS FURTHER ORDERED that plaintiff Ford Motor Credit Company's motion for sanctions is granted as unopposed.

Pursuant to Rule 37(d), plaintiff Ford Motor Company moves for sanctions in the amount of $1,180. Counsel for plaintiff states that she spent 4 hours conducting research and drafting the motion to compel responses to the requests for production of documents and the accompanying motion for sanctions. Her hourly rate is $195 per hour. Again, the court finds that the amount of time conducting research and drafting the two motions and the hourly billing rate are reasonable. Accordingly, plaintiff Ford Motor Company's motion for sanctions in the amount of $1,180 is

granted.  Defendant shall remit payment no later than September 13, 2010.

     IT IS SO ORDERED.

Dated:  September 3, 2010

                                      PATRICIA V. TRUMBULL
                                      United States Magistrate Judge